### 6838.  McKAY *v.* THE STATE.

Testimony on the trial of one charged with assault with intent to rape, to the effect that the defendant's father admitted that the defendant had treated the alleged injured female "wrong," and that the father had attempted to settle the case for money, was not admissible, though introduced only for the purpose of impeaching the testimony of the father.

DECIDED DECEMBER 3, 1915.

Indictment for assault with intent to rape; from Bibb superior court—Judge Mathews.  July 29, 1915.

*R. H. Johnson, John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

BROYLES, J.  In the opinion of a majority of the court it was error to admit testimony as to the father of the accused, attribut-

ing to him an admission that his boys (including the defendant) had treated the girls (including the alleged injured female) "wrong," and purporting to detail an offer on the part of the father of the accused to settle the prosecution with money, over the objection that such testimony was "hearsay, illegal, irrelevant, and inadmissible," and "upon the further ground that anything the father  .  .  .  might have said to the prosecutor in this case could not bind the defendant on trial, James McKay." In the opinion of the majority of the court, the testimony admitted was not only subject to the objections made, but it was not admissible upon the ground stated by the trial judge in his explanatory note, to wit, that it was admitted solely for the purpose of impeachment; because contradictory statements, to be the ground of impeachment, must relate to matters material to the issue, and, inasmuch as the defendant could not be bound by any statement made by his father, it was in any view of the case entirely immaterial what statements, if any, his father may have made to the prosecutor. Without regard to the other assignments of error, the majority of the court deem the admission of this testimony so harmful as to demand the grant of a new trial.

In the opinion of the writer, the explanatory note by the court, which shows that the evidence objected to was admitted for the sole purpose of impeaching a witness who had testified for the defendant, and that the jury were specially instructed that this testimony was not admitted for the purpose of proving anything against the defendant, shows that the admission of such testimony was not error. And further, in the opinion of the writer, under the facts of this case (which are so strong as almost to demand the conviction of the accused), even if the admission of this testimony was error, it was not sufficient to require the grant of a new trial.

*Judgment reversed. Broyles, J., dissents.*